**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff*, | § | Case No. _____ |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| AVIGILON CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff John B. Adrain ("Adrain") brings this action against defendant Avigilon Corporation ("Avigilon" or "Defendant") and alleges:

**THE PARTIES**

**1.** Adrain is the inventor of and owns the entire right, title, and interest in the patent at issue in this case.

**2.** On information and belief, Avigilon is a corporation organized and existing under the laws of British Columbia, Canada, with its principal place of business located at 4th Floor, 858 Beatty Street, Vancouver, British Columbia, V6B 1C1, Canada, where service of process may be made through Alexander Fernandes, President and Chief Executive Officer of Avigilon. On information and belief, Avigilon Corporation does not maintain a regular place of business in Texas, nor does it have a designated agent for service of process in Texas. Avigilon may also be served with process by serving the Texas Secretary of State pursuant to the Texas Long Arm Statute, Texas Civil Practice and Remedies Code, § 17.044, and requesting that the Secretary of State serve

Avigilon at its principal place of business at 4th Floor, 858 Beatty Street, Vancouver, British Columbia, V6B 1C1, Canada – return receipt requested.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

4. Subject-matter jurisdiction over Adrain's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant has operated, conducted, engaged in, and/or carried on business in the state of Texas.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) (c) and (d), and/or 1400(b).

## PATENT INFRINGEMENT

7. On November 3, 1998, U.S. Patent No. 5,831,669, entitled "Facility Monitoring System with Image Memory and Correlation" was duly and legally issued to the inventor, John B. Adrain. A Reexamination Certificate for U.S. Patent No. 5,831,669 issued on August 21, 2012. A second Reexamination Certificate for U.S. Patent No. 5,831,669 issued on June 16, 2014. Adrain owns all right, title and interest in the '669 patent, including the right to sue for and recover all past, present and future damages for infringement of the '669 patent.

8. The '669 patent is presumed valid.

9. Upon information and belief, Avigilon, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '669 patent by making, using, selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell,

and/or import, in this judicial district and/or elsewhere in the United States, security monitoring systems that alone or in use are covered by one or more of the claims of the '669 patent.

10. For example, Avigilon makes, uses, sells, offers to sell and/or imports video surveillance cameras, software, and network recorders that monitor a space and that perform video analytics. By way of further example, the 1.0W-H3PTZ-DP20 IP PTZ camera can be used with the Rialto I4 analytics appliance, the 2.0TB-HD-NVRWS network video recorder, and the software of Avigilon to monitor a space and perform video analytics.

11. The video analytics features provided by Avigilon's security monitoring systems include at least such features as the detection of too many/few objects in a space, tripwire, object addition/removal, object loitering, and movement in a prohibited direction.

12. Consumers purchase and use Avigilon's systems and devices and are instructed by Avigilon to use such equipment and to perform methods that infringe one or more claims of the '669 patent.

13. Avigilon provides instructions, such as user manuals, that instruct consumers on how to set up and use such devices in such manner, specifically intending such consumers will operate these devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '669 patent.

14. Avigilon indirectly infringes one or more claims of the '669 patent in violation of 35 U.S.C. 271(b) by inducing consumers of Avigilon's security monitoring systems to directly infringe one or more claims of the '669 patent through their use of such systems.

15. For example, Avigilon induces direct infringement of the '669 patent by providing user manuals and instructions, such as with the 2.0TB-HD-NVRWS, Rialto I4 analytics appliance, software, and 1.0W-H3PTZ-DP20 IP PTZ camera, that show users how to set up and operate the

video analytics features. Avigilon engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages consumers of its security monitoring systems to directly infringe the '669 patent.

16. Avigilon is liable for infringement of the '669 patent pursuant to 35 U.S.C. § 271.

17. Avigilon's acts of infringement have caused damage to Adrain, and Adrain is entitled to recover from Avigilon the damages sustained by Adrain as a result of Avigilon's wrongful acts in an amount subject to proof at trial.

18. As a consequence of the infringement complained of herein, Adrain has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Avigilon is enjoined by this Court from committing further acts of infringement.

### PRAYER FOR RELIEF

**WHEREFORE**, Adrain prays for entry of judgment that:

A. Defendant has directly infringed and/or induced infringement of the '669 patent;

B. Defendant accounts for and pays to Adrain all damages caused by its infringement of the '669 patent;

C. Adrain be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant and its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement;

D. Adrain be granted pre-judgment and post-judgment interest on the damages caused to him by reason of Defendant's patent infringement;

E. Adrain be granted his reasonable attorneys' fees;

F. Costs be awarded to Adrain; and,

  **G.**  Adrain be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Adrain demands trial by jury on all claims and issues so triable.

            Respectfully submitted,

Dated:  September 9, 2014   By: /s/ Elizabeth L. DeRieux
              John T. Polasek
              Texas Bar. No. 16088590
              tpolasek@pqelaw.com
              C. Dale Quisenberry
              Texas Bar No. 24005040
              dquisenberry@pqelaw.com
              Jeffrey S. David
              Texas Bar No. 24053171
              jdavid@pqelaw.com
              POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
              6750 West Loop South, Suite 920
              Bellaire, Texas 77401
              Telephone: (832) 778-6000
              Facsimile: (832) 778-6010

              Otis W. Carroll
              State Bar No. 03895700
              nancy@icklaw.com
              Deborah Race
              State Bar No. 16448700
              drace@icklaw.com
              IRELAND, CARROLL & KELLEY, P.C
              6101 S. Broadway, Suite 500
              P.O. Box 7879
              Tyler, Texas 75711
              Telephone: (903) 561-1600
              Facsimile: (903) 581-1071

              S. Calvin Capshaw
              State Bar No. 03783900
              ccapshaw@capshawlaw.com
              Elizabeth L. DeRieux
              State Bar No. 05770585
              ederieux@capshawlaw.com
              D. Jeffrey Rambin

       State Bar No. 00791478
       jrambin@capshawlaw.com
       CAPSHAW DERIEUX, LLP
       114 East Commerce Avenue
       Gladewater, Texas  75647
       Telephone: (903) 236-9800
       Facsimile: (903) 236-8787

       Russell R. Smith
       State Bar No. 18682310
       rsmith@fairchildlawfirm.com
       Fairchild, Price, Haley, & Smith, L.L.P.
       1801 North Street
       Nacogdoches, Texas 75963-1668
       Telephone:  (936) 569-2327
       Facsimile:  (936) 569-7932

       *Attorneys for Plaintiff*